**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Alvarez,<br><br>    Plaintiff,<br><br>v.<br><br>Talaveras Renovations LLC, et al.,<br><br>    Defendants. | No. CV-23-02654-PHX-DWL<br><br>**ORDER** |

Plaintiff has filed a motion for default judgment against Defendants Talaveras Renovations LLC, Eliseo Talavera, and Maria Escalante de Talavera (collectively, "Defendants"). (Doc. 11.) For the following reasons, the motion is granted in part and denied in part.

I.  Background

On December 19, 2023, Plaintiff brought this action under the Fair Labor Standards Act ("FLSA"), the Arizona Minimum Wage Act ("AMWA"), and the Arizona Wage Act ("AWA"). (Doc. 1 ¶ 1.) In a nutshell, Plaintiff alleges that he worked for Talaveras Renovations LLC, a construction and remodeling company, from April 2023 through August 2023 for an hourly rate of $18; that Eliseo Talavera and Maria Escalante de Talavera are also considered his "employers" for certain purposes because, *inter alia*, they exercised hiring and firing power, controlled work schedules, and determined the rate and method of payment; and that Defendants never paid him for his final two weeks of work, during which he worked "approximately 80 total hours." (*Id.*)

Defendants were served on December 28, 2023. (Docs. 6-8.) Thus, Defendants' responses to the complaint were due on or before January 18, 2024. Fed. R. Civ. P. 12(a)(1)(A). Defendants have not responded to the complaint or otherwise appeared in this action.

On January 30, 2024, Plaintiff filed an application for entry of default against Defendants. (Doc. 9.) That same day, the Clerk entered default against Defendants. (Doc. 10.)

On January 31, 2024, Plaintiff filed the pending motion for default judgment. (Doc. 11.) Defendants have not responded.

II. Default Judgment

The "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the Court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The following factors may be considered when deciding whether default judgment is appropriate under Rule 55(b): (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether the default was due to excusable neglect, and (7) the policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the court accepts as true the complaint's well-pled factual allegations, but the plaintiff must establish the damages sought in the complaint. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

A. **Possible Prejudice To Plaintiff**

The first *Eitel* factor weighs in favor of default judgment. Defendants have not participated in this action at all—they have not responded to the complaint or to the motion for default judgment. If Plaintiff's motion is not granted, Plaintiff will be without other

recourse for recovery. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### B. **Merits Of Claims And Sufficiency Of Complaint**

The second and third *Eitel* factors favor default judgment where, as in this case, the complaint sufficiently states a plausible claim for relief under the Rule 8 pleading standard. *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). As noted above, Plaintiff alleges that Defendants violated the FLSA, the AMWA, and the AWA. (Doc. 1.) Plaintiff alleges sufficient facts to establish Defendants' liability. The second and third factors favor default judgment.

### C. **Amount At Stake**

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct. The money at stake is relatively modest and authorized by statute. Thus, the fourth factor favors default judgment.

### D. **Possible Dispute Concerning Material Facts**

Given the sufficiency of the complaint and Defendants' lack of participation, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." *PepsiCo*, 238 F. Supp. 2d at 1177. Thus, the fifth factor favors default judgment.

### E. **Excusable Neglect**

Defendants have not participated in any way, despite having been served. There is no indication that any Defendant has failed to respond due to excusable neglect. Thus, the sixth factor favors default judgment.

### F. **Policy Favoring Merits Resolution**

The last factor usually weighs against default judgment given that cases "should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The mere existence of Rule 55(b), however, "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177. The Court therefore is not precluded from entering default judgment against Defendants.

…

### G. Conclusion

Six of the seven *Eitel* factors favor default judgment. The Court therefore concludes that default judgment is appropriate.

### H. Damages

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes*, 559 F.2d at 560. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). A plaintiff must "prove all damages sought in the complaint." *Philip Morris USA, Inc. v. Castworld Prod., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). "[A] default judgment for money may not be entered without a hearing unless the amount claimed is a liquidated sum or capable of mathematical calculation." *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981). District courts within the Ninth Circuit have held that written affidavits or declarations are acceptable in lieu of a hearing. *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1100-01 (N.D. Cal. 2014) ("To recover damages after securing a default judgment, a plaintiff must prove the relief it seeks through testimony or written affidavit."); *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1079 (C.D. Cal. 2012) ("[A] 'hearing' . . . need not include live testimony, but may instead rely on declarations submitted by the parties, so long as notice of the amount requested is provided to the defaulting party.").

Plaintiff has submitted a declaration in which he avows, *inter alia*, that "my rate of pay while working for Defendants was supposed to be $18 per hour" and that "[d]uring my final two workweeks of employment with Defendants, I worked approximately 75 hours." (Doc. 11-1 ¶¶ 6, 8.) These assertions are sufficient to establish Plaintiff's entitlement to damages.

Plaintiff seeks $3,116.25 in damages on his AMWA claim, which mandates treble damages for the failure to pay Arizona's minimum wage. A.R.S. § 23-364(G). These damages are capable of mathematical calculation—75 (the number of unpaid hours Plaintiff worked) multiplied by $13.85 (Arizona's minimum wage), multiplied again by 3

(for treble damages) totals $3,116.25.  (Doc. 11 at 9.)  Plaintiff is awarded these damages, for which all Defendants are jointly and severally liable.

Turning to his FLSA claim, Plaintiff notes that his AMWA recovery "engulfs [his] federal minimum wage damages."  (*Id.* at 9.)  This is consistent with case law suggesting that damages cannot be recovered when they are "engulfed by larger statutory awards."  *Ignacio Xalamihua, Plaintiff, v. GGC Legacy Janitorial Servs. LLC,* 2023 WL 8891393, *5 (D. Ariz. 2023); *see also Sao v. Pro-Tech Prod. Inc.*, 2019 WL 6909566, *8 (D. Ariz. 2019) (deferring award of FLSA damages pending resolution of AMWA and AWA claims because any larger award would need to "factor in the FLSA damages").

Finally, AWA provides that "[w]hen an employee is discharged from the service of an employer, he shall be paid wages due him within seven working days or the end of the next regular pay period, whichever is sooner."  A.R.S. § 23-353(A).  If an employer "fails to pay any wages due any employee" in violation of the Act's provisions, "the employee may recover in a civil action against an employer or former employer an amount that is treble the amount of the unpaid wages."  A.R.S. § 23-355(A).  Plaintiff notes that his unpaid wages total $1,350 (*i.e.*, 75 hours multiplied by $18/hour) and contends that this sum "must be trebled to $4,050 under A.R.S. § 23-355."  (Doc. 11 at 9.)

The treble damages provision of A.R.S. § 23-355 is discretionary.  *Swanson v. Image Bank, Inc.*, 77 P.3d 439, 443 (Ariz. 2003) ("Under the plain language of the statute, the award of treble damages for the bad-faith withholding of wages is discretionary with the court."); *Crum v. Maricopa Cnty.*, 950 P.2d 171, 173 (Ariz. Ct. App. 1997); *see also Rosen v. Fasttrak Foods LLC*, 2021 WL 2981590, *4 (D. Ariz. 2021) ("The Court possesses wide discretion in determining whether to award treble damages under § 23-355.").  "The treble damage remedy is a punitive measure that is warranted when employers seek to delay payment without reasonable justification or to defraud employees of wages earned" and "is appropriate only when an employer withholds wages unreasonably and in bad faith."  *Swanson v. Image Bank, Inc.*, 43 P.3d 174, 183 (Ariz. Ct. App. 2002), *aff'd in part, vacated in part,* 77 P.3d 439 (cleaned up).

Because Plaintiff's declaration provides no indication why Defendants withheld his wages, it does not support the conclusion that the withholding was done "unreasonably and in bad faith." *Id.* The allegations in the complaint are also insufficient. It appears that Plaintiff was properly paid for his work in April 2023, May 2023, June 2023, and July 2023, but then something happened in August 2023 that resulted in Plaintiff not being paid for his final two weeks of work. There is no indication whether there was any dispute over his wages or his work or why Plaintiff waited several months to file suit. Given Plaintiff's failure to submit evidence (or even allege in a non-conclusory way) that the withholding of wages was done unreasonably and in bad faith, the Court declines to award treble damages.

Without trebling, Plaintiff's AWA damages are $1,350. That sum, like Plaintiff's damages under the FLSA, is engulfed by Plaintiff's larger AMWA award.

Therefore, the total damages awarded are $3,116.25, for which all Defendants are jointly and severally liable.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for default judgment (Doc. 14) is **granted** as to liability and **granted in part and denied** in part as to damages. A separate judgment shall issue, after which the Clerk shall terminate this action.

**IT IS FURTHER ORDERED** that within 14 days after entry of judgment, Plaintiff may file a motion for attorneys' fees. Any such request must comply with LRCiv 54.2.

Dated this 16th day of February, 2024.

Dominic W. Lanza
United States District Judge